IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

LUIS A. OLIVERA,                    *
                                    *
     Plaintiff,                     *
                                    *
vs.                                 * CIVIL ACTION NO. 26-00051-KD-B
                                    *
U.S. CONGRESS,                      *
                                    *
     Defendant.                     *

## REPORT AND RECOMMENDATION

Plaintiff Luis A. Olivera ("Olivera"), a serial *pro se* litigant, filed the instant action against the "U.S. Congress." (Doc. 1). In documents attached to his complaint, Olivera maintains that he "was the only USA presidential candidate" in the 2024 presidential election who was "eligible to hold public office," and that "neither Kamala Harris nor Donald J. Trump were eligible to hold public office as per the Constitution." (Doc. 1-1 at 3). Olivera alleges that "Kamala Harris and Donald J. Trump were both conducting [identity] theft and fraud and defaming [Olivera] by mimicking [his] campaign style and everything [he] was doing and saying." (Id. at 4). Olivera claims that "the electoral college vote was supposed to be given to [him] by default" because he "was protected by a hiring military veteran labor law that hires military veterans first and would hire [him] for this executive office of federal employment as President of

USA." (Id.). Olivera asserts that "all members of Congress have demonstrated constitutional treason by opposing [Olivera] and choosing the constitutional treasonous traitor named Donald J. Trump who of which defamed [Olivera], mimicked [Olivera], and was playing off as if he is [Olivera]." (Id.).

Olivera demands, among other things, "payment by the federal government agency known as the USA Congress, in the total sum of $36 trillion dollars for this historical act of treason"[1]; that "all Congress members resign effective immediately for violating their oaths of office and supporting constitutional treason"; that he receive President Trump's "entire salary for the 4 years he is in office and his pension then after"; and that President Trump stop "stalking, cyber stalking, and [obsessively mimicking] everything" Olivera does. (Id. at 5). Olivera also wants "all parties involved . . . charged with treason, convicted with treason, & sentenced to the death penalty."[2] (Doc. 1 at 4).

Clearly, Olivera's claims and allegations are frivolous and have no basis in reality. Moreover, it appears that Olivera may be using this and other lawsuits as a publicity stunt to promote his personal websites and brand, thereby maliciously abusing the

---

[1] In the body of his complaint, however, Olivera alleges that the amount in controversy is "$100 Billion." (Doc. 1 at 4).

[2] Perhaps superfluously, Olivera would also like all of the "treasonous traitors" who are licensed attorneys "to be de-barred, permanently." (Doc. 1 at 4).

2

judicial process and wasting limited judicial resources.   (See Doc. 1-1 at 5-6, 9).   Because this lawsuit is patently frivolous, the undersigned submits that the Court should exercise its inherent authority to immediately dismiss this case.

The undersigned acknowledges that Olivera paid the filing fee for this action.   However, "[d]istrict courts have the inherent power to dismiss *sua sponte* frivolous lawsuits, even those where the plaintiff pays the full filing fee." Rosetta v. United States, 2017 U.S. Dist. LEXIS 163283, at *2 n.1, 2017 WL 4415674, at *1 n.1 (S.D. Ga. Aug. 29, 2017), report and recommendation adopted, 2017 U.S. Dist. LEXIS 161395, 2017 WL 4391720 (S.D. Ga. Sept. 29, 2017); see Cuyler v. Aurora Loan Servs., LLC, 2012 U.S. App. LEXIS 27130, at *9-10, 2012 WL 10488184, at *2 (11th Cir. 2012) (noting that "a district court has the inherent authority to dismiss a patently frivolous complaint" notwithstanding payment of the filing fee); Vega v. Kahle, 2025 U.S. App. LEXIS 32318, at *10 n.2, 2025 WL 3540349, at *3 n.2 (11th Cir. Dec. 10, 2025) (concluding that "district courts have the inherent authority to *sua sponte* dismiss without prejudice patently frivolous suits even where the plaintiff has paid the filing fee," and that "notice and opportunity to be heard prior to dismissal is not required if the complaint is patently frivolous and amendment would be futile"). A complaint is frivolous and can be dismissed *sua sponte* prior to service of process when a district court "determines from the face

3

of the complaint that the factual allegations are 'clearly baseless' or that the legal theories are 'indisputably meritless.'" Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993) (per curiam) (quoting Neitzke v. Williams, 490 U.S. 319, 327 (1989)). Here, Olivera's allegations are unquestionably "fanciful," "fantastic," and "delusional" and "rise to the level of the irrational or the wholly incredible." See Denton v. Hernandez, 504 U.S. 25, 33 (1992).

This Court has an obligation to dismiss a complaint that is patently frivolous as a matter of law and fact. Olivera's complaint falls squarely within that category. Accordingly, it is recommended that the complaint be **DISMISSED** prior to service of process and without leave to amend,[3] and that this action be terminated.[4]

---

[3] See, e.g., King v. Internal Revenue Serv., 2024 U.S. Dist. LEXIS 225521, at *1 n.2, 2024 WL 5055523, at *1 n.2 (M.D. Fla. Jan. 10, 2024) ("If an amendment is futile or the complaint attempts a patently frivolous claim, no opportunity to amend is necessary."); Johnson v. Deutsche Bank Nat. Tr. Co., 2009 U.S. Dist. LEXIS 84092, at *12, 2009 WL 2575703, at *4 (S.D. Fla. July 1, 2009) (denying leave to amend as futile because complaint relied on a legal theory which was "patently frivolous and a waste of judicial resources") (quotation omitted).

[4] Olivera is hereby informed that this Court "and other federal courts are funded by the taxpayers of this country to adjudicate genuine disputes, not to function as playgrounds for would-be lawyers or provide an emotional release for frustrated litigants." Constant v. United States, 929 F.2d 654, 659 (Fed. Cir. 1991). A review of this Court's records reveals that Olivera has filed no less than four lawsuits against federal entities or officials (Continued)

**NOTICE OF RIGHT TO FILE OBJECTIONS**

A copy of this report and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court.  See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. GenLR 72(c).  The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or

---

within the past month, all of which appear to be patently frivolous cries for attention rather than legitimate vehicles to adjudicate genuine disputes.  Given his now well-established track record of filing frivolous litigation in this Court, Olivera is cautioned that he is on the path to being deemed a vexatious litigant in the Southern District of Alabama.  This means that further frivolous lawsuits filed by Olivera may result in Olivera being deemed a vexatious litigant in this district and prohibited from filing any new documents without first obtaining the Court's prior written approval.

Olivera is further cautioned that "[b]y presenting to the court a pleading, . . . an . . . unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances[,] . . . the claims . . . and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law," and "the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery." Fed. R. Civ. P. 11(b).  "If, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any . . . party that violated the rule or is responsible for the violation." Fed. R. Civ. P. 11(c)(1).  Olivera is urged to avoid filing frivolous claims in the future so as to avoid being sanctioned under Rule 11.

recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object.  In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice."  11th Cir. R. 3-1.

In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this **4th** day of **March, 2026.**

/S/ SONJA F. BIVINS
**UNITED STATES MAGISTRATE JUDGE**

6